Margrette BURTON, Plaintiff-Appellant,

v.

PUBLIC FINANCE CORPORATION OF
AKRON # 3, Defendant-Appellee.

No. 79–3521.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 8, 1979.

Decided Sept. 1, 1981.

Vincent Alfera, The Summit County Legal Aid Society, Gary M. Smith, Akron, Ohio, for plaintiff-appellant.

Robert S. Mudrick, Obenour, Coombs & Whited, Akron, Ohio, for defendant-appellee.

Before KEITH, BROWN and JONES, Circuit Judges.

PER CURIAM.

Margrette Burton appeals from a summary judgment which dismissed her action and held that Public Finance Corporation's (Public) loan statement and security agreement complied with the Truth In Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 C.F.R. § 226 *et seq.* Burton contends that the district

court erred in holding that the loan agreement's deferral clause complied with the "clear and conspicuous" requirement of Regulation Z, 12 C.F.R. § 226.6(a). We agree and reverse.

The deferral clause in the loan statement used by Public states:

A deferment charge may be made for deferred payments equal to the portion of the regular finance charge applicable by the sum-of-the-digits method to the installment period immediately following the due date of the first deferred installment times the number of months of deferment.

This clause is not "clear," it borders on the incomprehensible. Complex accounting terms and confusing syntax are used to obscure the meaning of this clause, not to explain its terms.

In *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 568, 100 S.Ct. 790, 798, 63 L.Ed.2d 22 (1980), the Supreme Court noted: "The concept of 'meaningful disclosure' that animates TILA . . . cannot be applied in the abstract. *Meaningful* disclosure does not mean *more* disclosure. Rather it describes a balance between 'competing considerations of complete disclosure . . . and the need to avoid . . . [informational overload].'" (Emphasis and brackets in original). The deferral clause used by Public is a classic example of "informational overload." The clause contains so much unnecessary information that it is virtually indecipherable. This confusion is increased by the prominent disclosure of the default charge, a charge which will almost always be far less than the deferral charge.[1]

The TILA was intended to promote the informed use of credit. The Act states: "It is the purpose of this . . . [Act] to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601. The TILA specifically requires lenders to disclose "default, delinquency, or similar charges payable in the event of late payment." 15 U.S.C. § 1639(a)(7), *see also*, 12 C.F.R. § 226.8(b)(4).

■ Finance companies can write simple sentences and use simple words to inform consumers of the terms of loan agreements.[2] However, when a loan agreement is drafted to obscure the relevant terms of the agreement, rather than to explain the terms in clear and meaningful language, the agreement violates the TILA. *Cf., Smith v. Chapman*, 614 F.2d 968 (5th Cir. 1980) (use of "meaningless" terms in delinquency charge clause violates TILA).

■ There is no merit to Burton's contention that the loan agreement's disclosures were not made in "meaningful sequence." 12 C.F.R. § 226.6(a). Burton relies on the Seventh Circuit's decision in *Allen v. Beneficial Finance Co. of Gary, Inc.*, 531 F.2d 797 (7th Cir. 1976), *cert. denied* 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976). In *Basham v. Finance America Corp.*, 583 F.2d 918 (7th Cir. 1978), *cert. denied* 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 (1979), the Seventh Circuit discussed *Allen* and stated that its decision only required that the disclosure group logically related terms and that the groupings be arranged in logically sequential order. The disclosures made in Public's loan agreement met these requirements.

We have examined the other contentions made by Burton and they are without merit.

AFFIRMED in part; REVERSED in part; and REMANDED.

---

1. The default charge of $1.14 (the loan charge applicable to the last month of the contract) is listed with the other terms of the agreement which are set out numerically. No attempt is made to reveal the potential liability which could be incurred under the deferral clause.

2. For example, in *Pittman v. Money Mart, Inc.*, 636 F.2d 993 (5th Cir. 1981), the Fifth Circuit held that the following delinquency charge provision complied with the TILA:

In the event that an installment, or portion thereof, continues unpaid for ten (10) days or more following the date said payment is due, the lender may collect a default charge of five percent (5%) of the amount unpaid, not to exceed $5.00.