677 So.2d 1295 (1996)
Roy L. MACKEY and Bertha L. Mackey, His Wife, Appellants,
v.
HOUSEHOLD BANK, F.S.B., a Federally Chartered Savings Bank, Appellee.
No. 94-2958.
District Court of Appeal of Florida, Fourth District.
July 10, 1996.
Rehearing and Rehearing Denied September 3, 1996.
*1296 James A. Bonfiglio of James A. Bonfiglio, P.A., Boynton Beach, for appellants.
Traci H. Rollins and Jose I. Astigarraga of Steel Hector & Davis, West Palm Beach, and Enrico Gonzalez of King, Fox & Gonzalez, P.A., Tampa, for appellee.
Rehearing and Rehearing En Banc Denied September 3, 1996.
GROSS, Judge.
We affirm the summary final judgment of foreclosure, in which the trial court determined that there were no violations of the Federal Truth in Lending Act (TILA), 15 U.S.C.A. § 1601 et seq. (West 1982 & Supp. 1995). The $75.29 state intangible tax was itemized and disclosed to the consumers, so it was excludable from the finance charge under TILA. Pignato v. Great Western Bank, 664 So.2d 1011 (Fla. 4th DCA 1995), review denied, 673 So.2d 30 (Fla.1996). The $50 "non refundable" application processing fee was shown on the face of the disclosure *1297 statement, was not included in the amount financed, and should not have been included as part of the finance charge. See 15 U.S.C.A. § 1605(e)(2); Reg. Z, 12 C.F.R. § 226.4(c)(1).
Finally, the lender's disclosure of the payment schedule complied with 15 U.S.C.A. § 1638(a)(6), which requires that the creditor shall disclose the "number, amount, and due dates or period of payments scheduled to repay the total of payments." See 12 C.F.R. § 226.18(g). We reject appellants' contention that the disclosure was "confusing and misleading." Appellants applied for and received a fifteen year mortgage loan. They made 43 monthly payments before defaulting. The disclosure statement stated that the "number of payments" was "180", the "amount of payments" was "$476.61" and the "total of payments" was "$85,789.80" (180 payments × $476.61/payment = $85,789.80). Signed on August 25, 1989, the disclosure statement listed "09/21/89" in the "When Payments Are Due" box. The nut of appellants' argument is that in order to comply with TILA the words "monthly beginning" must have also been inserted in the "When Payments Are Due" box just before "09/21/89." However, in plain view on the front of the disclosure form, after the boldface word "Payments", the disclosure statement declared:
I will make my payments in accordance with the Payment Schedule stated above. The amounts referred to above have been computed on the assumption that all payments will be made on their scheduled due dates. I will make my payments every month until I have paid all of the principal and interest and any other charges that I may owe under the note.
(Emphasis supplied).
TILA requires that a creditor's disclosure of a payment schedule be clear, conspicuous and in writing, in a form that the consumer may keep. 15 U.S.C.A. § 1632(a); 12 C.F.R. § 226.17(a). Taken in the context of the typical home mortgage, which requires monthly payments, the information disclosed on the TILA statement was sufficient to put a reasonably prudent consumer on notice that monthly payments were required under the loan.[1] This is not a case where a lender's manipulation of a disclosure form has affected the substance, clarity or meaningful sequence of required disclosures. See 15 U.S.C.A. § 1604(b)(1)(B). Viewed objectively, the disclosure in this case did not have the capacity to mislead or confuse a borrower as to the existence of the monthly payment schedule. See Gambardella v. G. Fox & Co., 716 F.2d 104, 114, 117-18 (2d Cir.1983). The cases relied on by appellants are distinguishable, in that they involved disclosure statements with no reference at all to the due dates of periodic payments or to the number of payments. Owens v. Magee Finance Service of Bogalusa, Inc., 476 F.Supp. 758 (E.D.La.1979); Powers v. Sims and Levin Realtors, 396 F.Supp. 12 (E.D.Va.1975).
Congress passed TILA to insure meaningful disclosure of credit terms so that consumers could determine the reasonableness of a lender's charge. E.g., Beach v. Great Western Bank, 670 So.2d 986, 988 (Fla. 4th DCA 1996). Creditors must strictly comply with the technical requirements of TILA. E.g., Pignato v. Great Western Bank, 664 So.2d at 1013. With certain requirements, such as the standardization of terms, there is no room for deviation. For example, Regulation Z absolutely requires that terms such as "finance charge" and "amount financed" be used on the disclosure form. 12 CFR § 226.18(b) & (d); see Pennino v. Morris Kirschman and Co., Inc., 526 F.2d 367, 370 (5th Cir.1976). A strict compliance standard promotes "the standardization of terms which will permit consumers readily to make meaningful comparisons of available credit alternatives." Smith v. Chapman, 614 F.2d 968, 971 (5th Cir.1980).
Proper disclosure of the payment schedule under TILA does not require the *1298 same absolute semantic precision. Strict compliance does not mean punctilious compliance with a theoretical ideal of perfect disclosure. See Smith v. Chapman, 614 F.2d at 972 (5th Cir.1980)("Strict compliance does not necessarily mean punctilious compliance if, with minor deviations from the language described in the Act, there is still a substantial, clear disclosure of the fact or information demanded by the applicable statute or regulation."); Gambardella v. G. Fox & Co., 716 F.2d at 118. Laws should be enforced with common sense and applied without losing sight of the legislative purpose behind their enactment. To do otherwise is to generate disrespect for the law by creating a morass of technical regulations with no connection to human experience.
STEVENSON, J., and GROSSMAN, MELVIN, B., Associate Judge, concur.
NOTES
[1] Appellant argued to the court below that the payment schedule disclosure in this case had "two equally plausible interpretations"(1) "that the consumer must make all 180 payments of $476.61 on 9/24/89" and (2) that the consumer must "make 180 payments which total $476.61, due on 9/24/89." To say that these readings are neither plausible nor reasonable is an understatement.