**Ruby Mae KILLINGS, Plaintiff-
Appellant,**

v.

**JEFF'S MOTORS, INC., Defendant-
Appellee.**

No. 73-2698.

United States Court of Appeals,
Fifth Circuit.

March 11, 1974.

Samuel G. McKerall, Birmingham,
Ala., for plaintiff-appellant.

Walker Norris, Birmingham, Ala., for
defendant-appellee.

Before GODBOLD, SIMPSON and
INGRAHAM, Circuit Judges.

GODBOLD, Circuit Judge:

The appellant Ruby Mae Killings
bought a used car from the appellee.
She paid $300 down and signed an in-
stallment sales contract under which she
agreed to pay $75.72 per month until the
balance was repaid. The contract form
contained a section for the vendor's dis-
closures required by the Consumer Cred-
it Protection Act, 15 U.S.C. § 1601 et
seq. It was filled out as follows (irrele-
vant portions omitted):

| | | |
|---|---|---|
| 1. | CASH PRICE | $2,105.28 |
| 3. | UNPAID BALANCE OF CASH PRICE | 1,805.28 |
| 5. | UNPAID BALANCE—AMOUNT FINANCED | 1,805.28 |
| 6. | FINANCE CHARGE | None |
| 7. | TOTAL OF PAYMENTS | 1,805.28 |
| 8. | DEFERRED PAYMENT PRICE | 1,805.28 |
| 9. | ANNUAL PERCENTAGE RATE | None |

10. PAYMENT SCHEDULE: The total of payments
(Item 7), is payable at seller's office . . . in
24 installments of $75.72 each, commencing
6/8/1971 and on the same day of each successive
month thereafter.

Five months after the transaction, ap-
pellant sued under 15 U.S.C. § 1640,
seeking civil damages against appellee
for failure to comply with *id.* §
1638(a)(6), (7). Those subparts re-
quire the vendor to disclose the amount
of finance charge and to express the fi-
nance charge as an annual percentage
rate.

The parties submitted the case for
judgment upon an agreed statement of
facts. They stipulated, inter alia, that
appellee had purchased the car for $760
and that for "extra clean" cars of the
same make and year as appellant's the
Official Used Car Market Guide Weekly
Black Book showed an average Alabama
retail price of $1780 during the week in
which the transaction at bar was con-
summated.

The District Court held that the
transaction did contain an undisclosed

finance charge in violation of § 1638. The appellee does not challenge this finding by cross-appeal. The trial court went on to state, however, that the amount of the charge could not be determined. Therefore, it limited appellant's recovery to the statutory minimum (see 15 U.S.C. § 1640(a)(1)) of $100, plus $750 in attorney's fees.

The appellant's recovery should not have been limited to $100. The parties stipulated to the highest figure customarily charged in Alabama for similar merchandise during the relevant time period. Under these peculiar circumstances the difference between that figure and the total amount to be paid by appellant necessarily constituted the amount of the finance charge which the court found existed. Appellant should have recovered twice $325.28, or $650.56.

Reversed and remanded for entry of judgment for $650.56 plus $750 in attorney fees. The District Court shall award attorney fees for services of appellant's counsel on this appeal.