John PENNINO,
Plaintiff-Appellant-Cross-Appellee,

v.

MORRIS KIRSCHMAN AND
COMPANY, INC.,
Defendant-Appellee-Cross-Appellant.

No. 74–3274.

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 1976.

369

Patrick D. Breeden, New Orleans, La., for plaintiff-appellant.

Sylvan J. Steinberg, Fred. Bronfin, Martin L. C. Feldman, New Orleans, La., for defendant-appellee.

Before GEWIN, BELL and SIMPSON, Circuit Judges.

BELL, Circuit Judge:

This is another case revealing the difficulty of complying with the complex disclosure requirements of the Truth in Lending Act and the regulations promulgated thereunder. 15 U.S.C.A. § 1601 *et seq.* and Federal Reserve Board Regulation Z, 12 C.F.R. § 226.1 *et seq.*

In October, 1971, plaintiff Pennino opened a revolving charge plan account with defendant Morris Kirschman and Company, Inc., a retail furniture company. At that time, plaintiff received from the defendant a disclosure for an open-end credit account as required by Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.7(a). On April 6, 1972, the plaintiff purchased from Kirschman and Co., various pieces of household furniture totaling $399.16 and received a copy of Kirschman's "Sales Contract and Security Agreement." This document stated that payments would be due the first of each month, beginning May 1, 1972. Plaintiff's periodic statement for May revealed a finance charge of $5.03.

On May 22, plaintiff filed this action alleging violations of the Truth in Lending Act and Regulation Z. The suit was brought on behalf of all persons in the State of Louisiana who made credit purchases from Kirschman and Co. who had not paid the cash price at the time of purchase, or who otherwise had been charged a finance charge. Subsequent interrogatories showed that in November, 1972, the defendant maintained 17,633 open-end accounts. The district court granted the defendant's motion that the case not be certified as a class action and further, granted defendant's motion for a protective order against any discovery relative to the class.

The district .court, however, granted partial summary judgment for the plaintiff on the merits of the case.[1] The plaintiff now appeals to this court seeking reversal of the class action ruling and the failure to grant complete summary judgment. Defendant Kirschman and Co., cross-appeals from the district court's grant of partial summary judgment. We proceed first to a discussion of the merits of the plaintiff's case.

## I. MERITS—PLAINTIFF'S APPEAL

### A. Method of Computing Balance

Pennino first asserts that Kirschman and Co.'s periodic statement was inadequate in its failure to disclose the method used to compute the monthly balance. The periodic disclosures required by Regulation Z are stated in 12 C.F.R. § 226.7(b)(8).[2]

The balance on which the finance charge was computed, *and a statement of how that balance was determined.* If any balance is determined without first deducting all credits during the billing cycle, that fact and the amount of such credits shall also be disclosed. (emphasis added)

In the defendant's periodic statement the following language was used:

The last amount entered in the second column on the billing date shown

---

1. There is no appeal from the trial court's award of attorney fees. Plaintiff also is entitled to an award of attorney fees for services rendered on appeal. *Killings v. Jeff's Motors, Inc.,* 5 Cir., 1974, 490 F.2d 865; *Thomas v. Myers-Dickson Furniture Co.,* 5 Cir., 1973, 479 F.2d 740.

2. The regulation implements 15 U.S.C.A. § 1637(b)(8) which also provides for the disclosure of the method used in determining the balance on which a finance charge is computed.

above represents the FINANCE CHARGE which is computed by a "Periodic Rate" of 1½% per month applied to the New Balance.

Payments, credits or charges received after the billing date shown above will appear on your next statement. You may pay the last balance shown above before the billing date next month to save additional FINANCE CHARGES.

■ The district court held that the defendant's statement adequately met the disclosure requirements of the Regulation. The court stated that where no payment had been made for the previous period, the finance charge logically would be computed on the previous balance, but where payments had been made, the statement itself contained an explanation of how the new balance was derived. We find no error in the holding of the district court. The statement sufficiently described the method used in determining the balance on which the finance charge would be computed.

### B. The term "New Balance"

Plaintiff's second contention is that the defendant's periodic statement did not contain the term "new balance" as required by 12 C.F.R. § 226.7(b)(9). That section provides for disclosure of the following:

The closing date of the billing cycle and the outstanding balance in the account on that date, *using the term "new balance,"* accompanied by the statement of the date by which, or the period, if any, within which, payments must be made to avoid additional finance charges. (emphasis added)

Kirschman and Co.'s statement contained only one column, with the heading "Balance." The district court construed the terms to be functionally equivalent when

3. Likewise, unintentional and bona fide errors are not excused under the Act unless made in reliance on a "rule, regulation, or interpretation" of the Federal Reserve Board. 15 U.S. C.A. § 1640(f) (as amended, § 406 of Pub.L. No. 93–495, 93d Cong., 2d Sess., 1974).

4. We note also § 226.6(a) which states:
Disclosures required to be given by this part shall be made clearly, conspicuously, in

viewed in the context of the statement. We disagree and reverse as to this point.

■ The requirements of § 226.-7(b)(9) are quite technical, but Congress did not intend creditors to escape liability where only technical violations were involved.[3] As stated in *Powers v. Sims and Levin Realtors,* E.D.Va., 1975, 396 F.Supp. 12, 20 (failure to use the term "Finance Charge.")

Indeed, the technical requirements of the act must be strictly enforced if the goal of standardization of terms, which is a requisite if consumers are to be able to make meaningful comparisons of available credit alternatives, is to be achieved.

This court agrees with the position taken in *Powers* and, therefore, we find the defendant's failure to use the term "new balance" to be a violation of Regulation Z, § 226.7(b)(9).[4] *Cf. Ives v. W. T. Grant Co.,* 2 Cir., 1975, 522 F.2d 749, 756–69 (failure to use the term "Unpaid Balance.")

### C. The Identity of Truth in Lending Act Disclosure Requirements with State Law

The defendant's opening disclosure statement provided:

(2) Should purchaser elect not to pay the full cash price of said merchandise or services within thirty (30) days from the date of sale the following terms shall be in effect:

(a) purchaser shall be obligated to pay a "Unpaid Balance" . . . plus the amount of FINANCE CHARGE[s].

Plaintiff contends that he was charged a finance charge of $5.03 only 24 days after his purchase.[5] This, he urges, violates

meaningful sequence, in accordance with the further requirements of this section, and at the time *and in the terminology prescribed* in applicable sections. (emphasis added).

5. Subsequent to the filing of this action, the defendant removed the finance charge from plaintiff's account with the explanation that it had been made "through inadvertence."

Louisiana law, LSA–R.S. 9:3509 (now 9:3523–3524), which provides that no interest, finance or like charge may be imposed until 30 days after the date on which the initial bill is mailed. Under this statute, no finance charge could have been imposed until 54 days after plaintiff's purchase. Because the disclosure statement contained terms, which, as here applied, may contravene state law, plaintiff contends that this also violates the disclosure requirements of Regulation Z, 12 C.F.R. §§ 226.6(c), 226.-7(a)(1).[6]

The district court held that the Act does not require a creditor to narrate the law of the forum state, but requires simply a meaningful disclosure of the credit terms he intends to charge. We agree with the district court on this point and find no violation of the Truth in Lending Act or Regulation Z. The role of the Federal courts under the Act does not include enforcement of state laws of the type asserted.[7]  *Kenny v. Landis Financial Group, Inc.*, N.D.Iowa, 1972, 349 F.Supp. 939, 946.

## II.  DEFENDANT'S CROSS–APPEAL

We now turn to the issues presented in the cross-appeal.

### A.  Disclosure of the Security Interest

Section 226.7(a)(7) of Regulation Z requires a creditor to disclose:

The conditions under which the creditor may retain or acquire any security interest in any property to secure the payment of any credit extended on the account, and a description or identification of the type of the interest or interests which may be so retained or acquired.

A security interest is defined by § 226.-2(z) as any interest in property which secures payment of an obligation, including a vendor's lien in personal property and ". . . any lien on property arising by operation of law."

The plaintiff contended that § 226.-7(a)(7) required disclosure of the "vendor's privilege" or lien granted by Louisiana law. LSA–C.C. 3227. The defendant contends that its disclosure was sufficient. It provided that Kirschman and Co. was ". . . hereby granted a security interest in the merchandise purchased . . . in accordance with existing state laws." In essence, defendant claims that there is no need to expressly disclose the "vendor's privilege."[8]

The district court agreed with the plaintiff and found the disclosure to be insufficient under § 226.7(a)(7). We agree with this conclusion. *Cf. Starks v. Orleans Motors, Inc.*, E.D.La., 1974, 372 F.Supp. 928, 930, aff'd, 5 Cir., 1975, 500 F.2d 1182 (closed end transaction).

---

6.  Section 226.6(c) provides that:

   At the creditor's option, additional information or explanations may be supplied with any disclosure required by this part, but none shall be stated, utilized, or placed so as to mislead or confuse the customer or contradict, obscure, or detract attention from the information required by this part to be disclosed.
   Section 226.7(a)(1) requires there must be disclosed:
   The conditions under which a finance charge may be imposed, including an explanation of the time period, if any, within which any credit extended may be paid without incurring a finance charge.

7.  Section 226.1(a)(2) of Regulation Z states:
   Neither the Act nor this part is intended to control charges for consumer credit, or in-

terfere with trade practices except to the extent that such practices may be inconsistent with the purpose of the Act. *See Sapenter v. Dreyco, Inc.*, E.D.La., 1971, 326 F.Supp. 871, aff'd., 5 Cir., 1971, 450 F.2d 941.

8.  Defendant also advances the defense of reliance upon the Federal Reserve Board's "What You Ought to Know About Federal Reserve Regulation Z." (1969). The amended Act requires reliance on a rule, regulation or interpretation ". . . formally interpreted by the Board itself and not merely by the Staff of the Board." Senate Committee on Banking, Housing and Urban Affairs, Truth in Lending Act Amendments [S. 2101] S.Rep.No.93–278, 93d Cong., 1st Sess. 13 (1974). *See Ives v. W. T. Grant Co., supra.*

**372**

### B. Disclosure of the Billing Date

 The district court held that Kirschman and Co.'s periodic statement did not satisfy the requirements of 12 C.F.R. § 226.7(b)(9), which provides for the disclosure of the following:

> The closing date of the billing cycle . . . accompanied by the statement of the date by which, or the period, if any, within which, payment must be made to avoid additional finance charges.

The defendant's periodic statement in issue[9] contained the term "billing date," under which was handwritten "1st." At the bottom of the statement the following language was included.

> You may pay the last balance shown above before the billing date next month to save additional finance charges.

The defendant contends that it would be logical to assume that the "1st" also would be the billing date for the next month and thus that its disclosure satisfied § 226.7(b)(9). This court, however, is bound by the intent of Congress to eliminate the necessity of assumptions on the part of a consumer. Section 226.7(b)(9) requires full and meaningful disclosure without assumptions.[10] Accordingly, we affirm on this issue.

### III. CLASS ACTION

 Plaintiff urges that the district court erred in disallowing class action status to the cause. For the reasons stated in the supervening decision of *Boggs v. Alto Trailer Sales, Inc.*, 5 Cir.,

1975, 511 F.2d 114, we vacate and remand that portion of the order disallowing class action status with direction that the question be reconsidered as therein directed.

In sum, on the appeal of plaintiff we reverse on the "new balance issue," Part I B; we affirm on the "balance computation" and "state law" issues, Parts I A and I C. On the class action issue, we vacate and remand with direction. We affirm on the cross-appeal.

On the appeal, affirmed in part, reversed in part, and vacated and remanded in part. On the cross-appeal, affirmed.

---

**9.** Plaintiff sought to introduce several statements received subsequent to the May, 1972, statement for the purpose of showing the variation in billing dates. The district court considered these subsequent statements and found that three were dated the first, two were dated the second, one was dated the eighth and one was illegible. This discrepancy formed the basis for the court's finding of a violation of § 226.7(b)(9).

It is our duty to assess the adequacy of the defendant's periodic disclosures and not to monitor the consistency of the defendant's billing dates. We restrict our consideration to the face of the periodic statement.

**10.** At oral argument counsel for defendant stated that it was nearly impossible to comply with the requirements of the Truth in Lending Act and Reg. Z. We take judicial notice that, indeed, a periodic statement can be designed that passes muster. *See Bussey v. Georgia, BankAmericard*, 5 Cir., 1975, 516 F.2d 452 (The Statement contains the terms "new balance" and specifically states to the debtor the date by which payment must be made to avoid a finance charge). Indeed, counsel for plaintiff stated that defendant was in compliance at the time of oral argument.