BRADLEY, Judge.
This is a truth-in-lending case.
Trustees Loan and Discount Company (Trustees) filed an action against Christine Jarrett (Jarrett) in the District Court of Montgomery County seeking recovery on a promissory note. Judgment was rendered in favor of Trustees and against Jarrett in the amount of $478.03. Jarrett appealed this judgment to the Circuit Court of Montgomery County. After a hearing, the circuit court found that Trustees had violated the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. (1976), and Regulation Z, 12 C.F.R. 226.1 et seq. (1981), and rendered judgment in favor of Jarrett by voiding the promissory note, awarding her $213.26 plus court costs and $400 as an attorney’s fee. Trustees appeals from this judgment.
Trustees contends on appeal that the trial court erred in finding that it had failed to disclose in the promissory note executed by Jarrett “the number, amount and due dates or periods of payments scheduled to repay the indebtedness,” as required by the Truth-in-Lending Act and Regulation Z.
*857 Jarrett says that Trustees did not provide her with the due dates of the loan payments between the first and last payments as required by the law in question. In addition, she says that the statement of the number of payments after the first payment required to satisfy the loan fails to satisfy the requirement that the terms of the loan be stated “clearly, conspicuously, [and] in meaningful sequence.” 12 C.F.R. 226.6(a) (1981).
Jarrett’s reference here is to that part of the promissory note which provides:
“Schedule of Monthly Payments: The First One of $36.00 and 143 [sic] of $36.00. First Payment Due Date 8-27-81. Final Payment Due Date 10-27-82.”
Particular reference is made to the typing of the number “143” in the contract, which is supposed to be the number of payments required to satisfy the loan.
It is obvious that uncertainty surrounds this typed number. The debtor is left to speculate whether “143” is number intended to be typed, whether number “14” is intended, or whether “13” is the intended number. To be certain of the number intended, the debtor would have to divide the total amount of the loan ($540) by the amount of each payment ($36.00) to arrive at the number of payments required to satisfy the loan. Such a confusing and misleading disclosure of the number of payments required to satisfy the loan is as much a violation of the Truth-in-Lending Act as is the failure to disclose any number at all. Smith v. Chapman, 614 F.2d 968 (5th Cir.1980). The effect is the same; the debtor cannot easily compare credit terms so as to avoid the uninformed use of credit. 15 U.S.C. § 1601 (1976).
As to Jarrett’s contention that Trustees failed to set out the due dates of each payment between the first payment and the last payment, we note that only the due dates for the first and last payments are set out in the promissory note by Trustees.
The trial court found that the failure to specify the due dates of loan payments between the first and last payments, which were specified, amounts to a violation of the Truth-in-Lending Act and Regulation Z. The court relied on Owens v. Magee Finance Service, 476 F.Supp. 758 (E.D.La.1979) for its authority in so holding. The United States District Court said that a credit customer is not required to assume or speculate what the due dates of subsequent loan payments will be but is entitled to be told specifically when those future due dates will occur, and a failure to disclose the due dates of those subsequent payments is a violation of section 226.8(b), (c). See Pennino v. Morris Kirschman & Co., 526 F.2d 367 (5th Cir.1976).
We agree with the trial court’s decision and the rationale of the authority cited by it.
The appellee has requested an award of attorney’s fees for the appeal. This matter is remanded to the trial court for a determination in its discretion of whether attorney’s fees should be awarded for the efforts expended on this appeal. Thomas v. Myers-Dickson Furniture Co., 479 F.2d 740 (5th Cir.1973).
AFFIRMED AND REMANDED FOR A HEARING ON ATTORNEY’S FEES ON APPEAL.
WRIGHT, P.J., and HOLMES, J., concur.