Heather **FRAZEE**

v.

**SEAVIEW TOYOTA PONTIAC, INC.**

**Civ. No. N–87–471(PCD).**

United States District Court, D. Connecticut.

Oct. 11, 1988.

Jonathan Perkins, Hurwitz & Sagarin, Milford, Conn., for plaintiff.

Kathleen S. Aukerman, Law Office Salvatore V. Vitrano, Bristol, Conn., for defendant.

### RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

On February 24, 1986, plaintiff entered into a contract to purchase a 1984 Chevrolet Camaro and was extended credit by the Connecticut National Bank. Plaintiff also purchased an extended warranty from defendant. In the ensuing seven months, the car required extensive repairs and was not available for plaintiff's use for a majority of that time.

Plaintiff brought this action pursuant to the federal Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and its state law counterpart, Conn.Gen.Stat. § 36–393, *et seq.* Plaintiff claims that defendant failed to provide certain information required to be disclosed by TILA. Plaintiff now moves for summary judgment arguing that the difference between the actual value of the car and the total sale price was a hidden finance charge in violation of 15 U.S.C. § 1638.

*Discussion*

The primary purpose of TILA is to promote the informed use of credit. 15 U.S.C. § 1601. The Act requires creditors to disclose credit terms in a uniform manner and by requiring all additional mandatory charges imposed by the creditor to be included in the computation of the finance charge, the consumer is given the information needed to compare the cost of credit and make an informed buying decision. *Mourning v. Family Publications Serv.,*

411 U.S. 356, 364, 93 S.Ct. 1652, 1658, 36 L.Ed.2d 318 (1972).

■■■ Since TILA is a remedial statute, it is interpreted strictly in favor of the consumer. *Murphy v. Household Fin. Corp.*, 560 F.2d 206, 210 (6th Cir.1977). Any technical violation of the disclosure provisions of the Act will support an award of statutory damages. *Barrett v. Stamford Motors, Inc.*, Civil No. B–85–49 (D.Conn. Feb. 18, 1988), Ruling on Plaintiff's Objection to Magistrate's Ruling at 7.

■■■ Plaintiff entered into a retail installment contract with Connecticut National Bank ("CNB"). Defendant, Seaview Toyota Pontiac, Inc., acting as agent for CNB, is clearly listed as the dealer. Defendant disputes that it is a "creditor" under TILA. A creditor under the Act and Regulation Z includes not only the financier but also the "arranger of credit." 15 U.S.C. § 1602(f); 12 C.F.R. § 226.2(h), (s). Where an automobile dealer participates in the preparation of loan-contract documents and has a general knowledge of the credit company's terms, it is an "arranger of credit" subject to TILA. *Whitlock v. Midwest Acceptance Corp.*, 449 F.Supp. 631, 636 (E.D.Mo.1977), *aff'd*, 575 F.2d 652 (8th Cir.1978). In this case, defendant, as the agent of CNB, clearly arranged for the extension of credit to plaintiff. All forms relative to the sale, including the Retail Installment Contract, were prepared in plaintiff's presence at the dealership. Thus, defendant, as an arranger of credit, was a "creditor under TILA."

■■■ Plaintiff seeks summary judgment arguing that the difference between the fair market value of the car purchased and the amount paid reflect a hidden finance charge in violation of TILA, 15 U.S.C. § 1638. Plaintiff asserts that the history of malfunctions and defects in the car establish that the value of the car was well below the amount paid.

Plaintiff cites only two cases to support her theory of recovery under TILA. *See Killings v. Jeff's Motors, Inc.*, 490 F.2d 865 (5th Cir.1974), and *Vines v. Hodges*, 422 F.Supp. 1292 (D.D.C.1976). These cases are not dispositive here. Both involved a unitary price situation, i.e., the installment contract listed the total outstanding balance as the amount financed with nothing listed as finance charges. In those cases, it was unreasonable to assume that the dealer was receiving no consideration for extending credit. The court looked to evidence of the difference between fair market value and the total cash price as the only way to determine the amount of any undisclosed finance charge. *See Vines*, 422 F.Supp. at 1299.

In this case, plaintiff entered into a retail installment contract that plainly disclosed finance charges of over $1300 (11.9% A.P.R.; 42 month term). The contract is drafted in compliance with TILA and plaintiff alleges no violations other than a hidden finance charge.

■■■ As stated, TILA is directed toward ensuring full credit disclosure. While Congress was concerned with the problem of hidden finance charges in enacting TILA, it did not contemplate providing a right of action whenever a consumer is dissatisfied with a purchase. *See, e.g., Mourning*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318. Plaintiff's claim in this case is in essence a claim in warranty. The car purchased by plaintiff did not meet her expectations and now she claims it was not worth what she paid for it. It is not actionable under TILA. Any differential between the fair value of the car and its cash price is attributable to a bad bargain, or perhaps a violation of the bargain in the sale of the car, and not any hidden finance charges. Defendant complied with the disclosure requirements of TILA. As a matter of law, the facts presented allege no violation of TILA and plaintiff's motion for summary judgment is denied.

SO ORDERED.