Carla **ROBEY–HARCOURT,**
**individually, Plaintiff,**

v.

**BENCORP FINANCIAL COMPANY INC., an Oklahoma corporation, Cassie Bennet, individually, P.K. Smith, individually, Karlos Leisure, individually, Defendants.**

No. CIV.01–1028–F.

United States District Court,
W.D. Oklahoma.

July 12, 2002.

Carla L. Robey–Harcourt, Oklahoma City, OK, for Plaintiff.

Melvin C. Hall, Gisele K. Perryman, Riggs Abney Neal Turpen Orbison & Lewis, Oklahoma City, OK, for Defendants.

## ORDER

FRIOT, District Judge.

This matter comes before the court upon the defendants' Motion for Summary Judgment filed on May 20, 2002, the plaintiff's Application for Summary Judgment Regarding This Court's Jurisdiction as to 15 U.S.C. § 1601, *et seq.* (Federal Truth and Lending Act) filed on May 30, 2002 and the plaintiff's Application for Summary Judgment as a Result of the Defendants' Violations of the Federal Truth in Lending Act, 15 U.S.C.A. § 1601 *et seq.*, 12 C.F.R. § 226.1 *et seq.* filed on June 13, 2002. Upon due consideration of the parties' submissions in regard to the motions, the court makes its determination.

On July 5, 2001, the plaintiff filed an amended complaint alleging various claims against the defendants. By order dated November 9, 2001, all claims except for the plaintiff's claim under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and her state law claims of fraud and conspiracy to commit fraud were dismissed. The defendants, in their motion, seek summary judgment on the TILA claim and dismissal of the state law claims pursuant to 28 U.S.C. § 1367(c)(3). The plaintiff, in her applications, seeks summary judgment on the TILA claim.

One of the questions raised by the parties is whether TILA applies to the defendants. It is undisputed by the parties that the defendants are mortgage brokers. The defendants contend that TILA only applies to creditors and they do not fall within the definition of "creditor" under TILA. The plaintiff contends that TILA applies to mortgage brokers and further that the defendants held themselves out as lenders.

■ Of all of the possible participants in selling credit services and arranging for and closing consumer credit transactions, Congress has chosen to make TILA's disclosure obligations and related duties applicable only to creditors. *See,* 15 U.S.C. §§ 1631, 1635, 1637, 1637(a) 1638 (imposing various TILA disclosure obligations and other duties upon a "creditor"), *see also,* 15 U.S.C. § 1640(a) (discussing creditor's civil liability for failure to disclose). The term "creditor" is defined in TILA as:

a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(f).

Regulation Z (12 C.F.R. Part 226), issued by the Board of Governors of the Federal Reserve Board to implement TILA, provides the following definition of "creditor":

A person (A) who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than 4 installments (not including a downpayment), and (B) to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract.

12 C.F.R. § 226.2(a)(17)(i).

■ Upon review of the record, the court finds that the plaintiff has failed to raise a fact issue as to whether the defendants were creditors as defined by TILA and Regulation Z. The plaintiff has failed to produce adequate evidence indicating that the defendants regularly extend consumer credit or were the "persons" to whom the debt was to be payable. Because the plaintiff has failed to produce sufficient evidence that the defendants are creditors under TILA and Regulation Z, the court finds that the TILA claim against them fails as a matter of law.

*Colman v. Wendover Funding, Inc.*, 89 F.3d 849, 1996 WL 316460 (10th Cir.1996) (unpublished opinion attached to defendants' reply briefs) (holding that a TILA claim was properly dismissed where plaintiffs failed to produce sufficient evidence to establish that the defendant was a creditor under TILA).

■ In her papers, the plaintiff relies upon *Frazee v. Seaview Toyota Pontiac, Inc.*, 695 F.Supp. 1406 (D.Conn.1988), where the court found that an automobile dealership, acting as agent for the lender, was a creditor under TILA. The court, in its decision, stated that "creditor," under TILA and Regulation Z, "includes not only the financier but also the 'arranger of credit.'" The plaintiff contends that the facts in *Frazee* are indistinguishable from this case. However, the court notes that prior to 1982, the definition of creditor referred to persons who arranged for the extension of credit. TILA, however, was amended to eliminate that component of the definition. James Lockhart, J.D., *Who is a "Creditor" Within Meaning of § 103(f) of Truth in Lending Act (15 U.S.C.A. § 1602(f))*, 157 ALR Fed 419, 439–440 (1999). Although the *Frazee* transaction occurred after the 1982 amendment, the court did not mention or address the amendment. Moreover, the case cited by the *Frazee* court in support of its decision was decided prior to the 1982 amendment. This court concludes that, under the current statutory language, "creditor" does not include an "arranger of credit." For that reason, *Frazee* is unpersuasive. *See also, Calica v. Independent Mortgage Bankers, Ltd.*, 1989 WL 117057 (E.D.N.Y. 1989) (unpublished opinion attached to defendant's reply brief)(noting statutory amendment and finding loan broker not a creditor under TILA).

The defendants, in their motion, additionally argue that summary judgment is warranted because the subject loan transaction was never consummated. As the court has found that the plaintiff has failed to present sufficient evidence to demonstrate that the defendants were creditors under TILA, the court need not decide this issue.

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The court finds that no genuine issue exists as to whether the defendants are creditors for purposes of TILA and finds that the defendants are entitled to judgment as a matter of law on the TILA claim.

■■■■ Having found that summary judgment is appropriate on the plaintiff's federal law claim, the court must determine whether to exercise supplemental jurisdiction over the plaintiff's remaining state law claims. Judicial economy, fairness, convenience and comity are all considerations that are to guide a district court's decision whether to defer to a state court rather than retaining and disposing of state law claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, the Tenth Circuit has held that when federal claims are resolved before trial, the district court should usually decline to exercise jurisdiction over the state law claims and allow the plaintiff to pursue them in state court. *See, Smith v. City of Enid By and Through Enid City Com'n,* 149 F.3d 1151, 1156 (10th Cir.1998); *Ball v. Renner,* 54 F.3d 664, 669 (10th Cir.1995). Having disposed of the federal claim prior to trial and finding no consideration requiring the court to retain and dispose of the plaintiff's state law claims, the court, in its discretion and pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over the plaintiff's state law claims. The court shall dismiss the state law claims without prejudice.

Accordingly, the defendants' Motion for Summary Judgment filed on May 20, 2002 (docket entry no. 30) is **GRANTED**. The plaintiff's Application for Summary Judgment Regarding This Court's Jurisdiction as to 15 U.S.C. § 1601, *et seq.* filed on May 30, 2002 (docket entry no. 37) and the plaintiff's Application for Summary Judgment as a Result of the Defendants' Violations of the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.,* 12 C.F.R. § 226.1 *et seq.* filed on June 13, 2002 (docket entry no. 46) are **DENIED**. As to the remaining state law claims, the court, in its discretion and pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over the state law claims and **DISMISSES WITHOUT PREJUDICE** the state law claims. Judgment shall issue forthwith.