**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARLA L. ROBEY-HARCOURT,
Individually,

Plaintiff-Appellant,

v.

No. 02-6259

BENCORP FINANCIAL COMPANY,
INC., an Oklahoma Corporation,
CASZEY BENNET, P.K. SMITH, and
KARLOS LESURE, Individually,

Defendants-Appellees.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 01-CV-1028-F)**

---

Submitted on the Briefs:

Carla L. Robey-Harcourt, Oklahoma City, Oklahoma, for Plaintiff-Appellant.

Melvin C. Hall and Gisele K. Perryman, Oklahoma City, Oklahoma, for Defendants-Appellees.

---

Before **EBEL, LUCERO** and **O'BRIEN**, Circuit Judges.[*]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* FED. R. APP. P. The case is therefore ordered submitted without oral argument.

**O'BRIEN**, Circuit Judge.

Ms. Carla L. Robey-Harcourt entered a mortgage brokerage business contract with BenCorp Financial Company Inc. ("BenCorp"). In the contract, BenCorp agreed to "exert its best efforts to obtain a bona fide mortgage loan commitment" and "assembl[e] information, compil[e] file, and complet[e] credit application for borrower(s)." The contract specifically stated BenCorp could not make loans or guarantee the acceptance of a loan. After failing to receive the loan she desired, Ms. Robey-Harcourt filed a complaint in the Western District of Oklahoma against BenCorp alleging, among other claims, a violation of the federal Truth in Lending Act ("the Act" or "TILA"), 15 U.S.C. § 1601 *et seq.* On November 9, 2001, the court dismissed all claims except her TILA claim and state law claims of fraud and conspiracy to commit fraud. On July 12, 2002, the district court granted BenCorp's Motion for Summary Judgment because it was not a creditor and thus could not be held accountable under the Act. The court declined to exercise jurisdiction over the remaining state-law claims and dismissed them without prejudice.

She appeals, asserting the district court erred in (1) granting BenCorp

summary judgment, and (2) ignoring Oklahoma's exemption under Regulation Z,[1]

12 C.F.R. § 226.29 (2002). We have jurisdiction pursuant to 28 U.S.C. § 1291

and affirm based on the district court's well-reasoned order. *See Robey-Harcourt*

*v. BenCorp Fin. Co., Inc.*, 212 F. Supp. 2d 1332 (W.D.Okla. 2002).

## DISCUSSION

> We review the district court's grant of summary judgment
> de novo, applying the same legal standard used by the district
> court. Summary judgment is appropriate "if the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine
> issue as to any material fact and that the moving party is entitled
> to a judgment as a matter of law."

*Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165

F.3d 1321, 1326 (10th Cir. 1999), *cert. denied,* 528 U.S. 815 (1999) (quoting FED.

R. CIV. P. 56(c)).

Ms. Robey-Harcourt asserts summary judgment was inappropriate because

issues of material fact exist. She points to deposition testimony of Ms. Cindy

Barrett, a deputy administrator for Oklahoma's Department of Consumer Credit,

who stated her belief that BenCorp was not in compliance with Regulation Z. But

compliance with Regulation Z begs the question, which is whether TILA applies

to BenCorp. BenCorp is licensed as a mortgage broker and TILA applies to

---

[1]Regulation Z was issued by the Board of Governors of the Federal Reserve
Board and is the implementation tool for TILA.

"creditors." Thus, TILA applies to BenCorp only if it is a "creditor" as defined under the TILA and Regulation Z definitions.[2] BenCorp is not a creditor under these definitions, and thus TILA is inapplicable.

Ms. Robey-Harcourt next argues the district court improperly weighed evidence in granting summary judgment. BenCorp provided affidavits and other evidence that it does not regularly extend credit, and has not done so in the past two years. Ms. Robey-Harcourt did not refute BenCorp's assertions, and the opinions expressed in Ms. Barrett's deposition testimony are irrelevant. Since none of Ms. Robey-Harcourt's evidence was relevant to the determination of whether BenCorp was a creditor, it could not be a material fact affecting the district court's decision.

Ms. Robey-Harcourt also claims the district court erred by relying on an

---

[2]TILA defines a creditor as "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(f)(2002).

Regulation Z defines a creditor as "[a] person who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than 4 installments (not including a down payment), and (B) to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract." 12 C.F.R. § 226.2(a)(17)(i)(2002).

unpublished opinion in granting summary judgment. The district court properly

applied the statutes and regulations. The fact it mentioned, after announcing its

holding, an unpublished case with a similar holding is immaterial.

Finally, Ms. Robey-Harcourt argues Oklahoma's exemption under

Regulation Z was applicable and the district court erred in failing to apply

Oklahoma law.[3] This argument is unavailing for three reasons. First, she did not

raise this argument below, and we will not consider a new theory on appeal, even

one "that falls under the same general category as an argument presented at trial

or . . . a theory that was discussed in a vague and ambiguous way . . ."

*Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc.*, 100 F.3d 792,

798-99 (10th Cir. 1996) (quotations and citation omitted). Second, she fails to

provide legal authority for her assertion that Oklahoma law, rather than federal

law, should apply in this case. Parties must support their arguments with legal

authority. *Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992); *United*

*States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002), *cert. denied* _____ U.S.

_____, 123 S.Ct. 1372 (2003). Her perfunctory argument that failed to develop

the issue is insufficient to invoke appellate review. *Murrell v. Shalala*, 43 F.3d

---

[3]A state may be accorded exemption status from a class of transactions from certain TILA requirements if "[t]he State law is substantially similar to the Federal law or . . . affords the consumer greater protection than the Federal law . . ." 12 C.F.R. § 226.29(a)(1)(2002). Because Oklahoma law mirrors TILA, Oklahoma was granted an exemption.

1388, 1389 n.2 (10th Cir. 1994). Finally, she does not explain how the Oklahoma exemption differs in any significant way from federal law.

Accordingly, the summary judgment in favor of BenCorp is **AFFIRMED**.