OPINION
{¶ 1} Defendant-appellant Ruth Bucheit appeals the decision of the Mahoning County Common Pleas Court which denied her Civ.R. 56(F) motion to continue filed in response to plaintiff-appellee All Erection Crane Rental Corporation's motion for summary judgment. Appellant urges that the trial court abused its discretion in failing to continue the case and compel discovery of documents that were critical to the issue of whether appellee was a consumer creditor as defined in the Federal Truth In Lending Act (TILA). For the following reasons, the judgment of the trial court is reversed and this case is remanded with instructions that the trial court enter an appropriate discovery order which disposes of the discovery disputes.
 STATEMENT OF THE CASE {¶ 2} This rendition of the proceedings below is quite involved and complex due to the particular issues surrounding discovery. Appellee is a crane and heavy equipment sales and leasing company. Appellant's husband had purchased a tractor trailer and other items from appellee in the past. In June 2000, appellant's husband approached the president of appellee about a loan for $25,000. A promissory cognovit note was drafted naming appellant, her husband and his company as the debtors. The note was due in approximately six months with fifteen percent interest payable in one installment of $27,133.82. The loan was secured by a mortgage on appellant's condominium. The loan was never repaid.
 {¶ 3} In June 2001, appellee filed suit on the note and sought foreclosure upon appellant's mortgaged property. Default judgment was entered against the husband and company. Appellant counterclaimed by alleging that appellee failed to make the disclosures required under the TILA. She claimed that this was a consumer transaction because it was a personal loan for personal expenses.
 {¶ 4} Appellee responded that this was not a consumer transaction as the note expressly acknowledged that the debt was incurred in connection with a business transaction and not for any personal or family purposes. Appellee alternatively stated that even if this were a consumer transaction, they are not governed by the TILA because they do not meet the act's definition of a consumer creditor, which is one who regularly extends consumer credit.
 {¶ 5} In November 2001, appellant served interrogatories and sought production of documents on all of appellee's prior lending activities in order to determine if appellee in fact "regularly extends consumer credit" as that phrase is defined in Regulation Z of the Code of Federal Regulations. In an April 2002 response, appellee objected on the grounds that appellant sought information that is neither relevant nor reasonably calculated to lead to admissible evidence. Appellee noted that transactions involving extensions of credit for business, commercial or agricultural purposes are excluded from the TILA and thus are not subject to discovery.
 {¶ 6} On March 28, 2002, appellee filed a motion for summary judgment. Appellant filed a brief in opposition on May 20, 2002. However, due to docketing issues in the clerk's office, the magistrate did not receive this brief before he made his decision granting summary judgment. On the same day the magistrate filed his decision granting summary judgment, appellant filed a motion to compel discovery. The trial court adopted the magistrate's summary judgment decision on June 18, 2002. Appellant then filed a motion to vacate the summary judgment, which was eventually granted in March 2003.
 {¶ 7} On April 10, 2003, the parties attended a pretrial conference where deposition dates were agreed upon and put into order form. On June 17, 2003, appellant filed a motion to compel production of the documents requested in November 2001. Appellant claimed that the documents were essential to resolution of the issue of whether appellee is the type of creditor governed by the TILA. Appellant stated that appellee was trying to force them to take depositions without the opportunity to analyze the documents or use them to examine the witnesses. Appellant revealed that appellee advised that they had a warehouse full of documents pertaining to other loans. Appellant noted appellee's claim that the court modified the document request at a status conference to include only consumer loans. However, appellant stated that just because appellee considers all of their loans to be commercial does not mean that they actually are. Appellant argued that the critical factor in defining a consumer loan is whether the funds were used for household or consumer purposes, which they would apparently determine by interviewing various debtors discovered through the document production. Appellant urged that appellee is usurping the trier of fact's function in making authoritative decisions on which loans are commercial and which are consumer.
 {¶ 8} Appellee responded and sought a protective order. They believed that appellant was seeking the documents to harass and engage in a fishing expedition. Appellee urged that appellant's request was too broad as it related to all prior credit transactions instead of just consumer credit transactions. Appellee disclosed that one of appellant's attorneys agreed to the narrower document production at the last pretrial and realized that this may mean there are no documents to be produced. Unfortunately, the court did not journalize anydecision regarding the production of documents issue discussed atthat pretrial.
 {¶ 9} On September 2, 2003, appellee filed a renewed motion for summary judgment. First, appellee pointed out that there is no dispute that there is an unpaid balance on the note that is secured by a mortgage. Then, appellee argued that the TILA does not apply to them in general or to this transaction in particular. They disputed that this loan was for personal purposes. However, since appellant had previously submitted her husband's affidavit which claimed that he told appellee's president that he needed money for personal and household expenses, appellee assumed for purposes of summary judgment that this was a consumer loan. They then stated that they do not regularly extend consumer credit and thus they do not fit the definition of consumer creditor under the TILA. They explained the inapplicability of the various methods of labeling a creditor as one who regularly extends consumer credit. They supported these contentions with the affidavit of their risk manager.
 {¶ 10} On October 8, 2003, appellant filed a brief in opposition to summary judgment and a motion for a continuance under Civ.R. 56(F). Appellant alleged that the within transaction was a consumer loan and points to her husband's affidavit. She then stated that there remains an issue as to whether the TILA applies to appellee because it must still be discovered whether appellee fits the definition of creditor under that act. Appellant claimed that whether a particular loan is commercial or consumer is determined by how the funds are used and noted that appellee willfully made itself unaware of how the funds were used by failing to ask its borrowers in order to circumvent the TILA. Appellant urged that she should be permitted to inspect the warehouse full of documents to identify other borrowers whom she can contact to determine how they used the proceeds of their loan. She opined that appellee's refusal to produce the documents shows their fear of the contents.
 {¶ 11} Appellant concluded that although the record is incomplete due to their failure to produce documents, there is still a sufficient genuine issue of material fact to avoid summary judgment. In the alternative, she sought a Civ.R. 56(F) continuance in order to rule on her pending motion to compel production of documents, to allow sufficient time to review these documents, and to complete the previously scheduled depositions of appellee's officers. She attached her own affidavit as required by Civ.R. 56(F).
 {¶ 12} Appellee opposed appellant's motion for continuance, arguing that she waived it by seeking an extension of time to respond and that she is engaging in delay tactics. Appellee opined that it would be nonsensical to review each industrial crane rental transaction to see if it is really a consumer loan. Appellee noted that appellant failed to take the depositions as scheduled, which could have answered her questions in lieu of the documents. Appellee claimed that the documents were not needed in order to take depositions. Appellee then concluded that appellant's affidavit in support of the continuance did not establish why the essential facts could not be presented now.
 {¶ 13} A pretrial was held on October 16, 2003, where the magistrate allegedly advised appellant to reframe and narrow her request. Appellant then filed her revised interrogatories and requests for documents. Appellee sought more time to respond and complained that the request was still too broad.
 {¶ 14} The court took no action on this discovery issue until a pretrial conference on August 18, 2004. The magistrate allegedly made various statements regarding the propriety and method of discovery. However, these statements were again not journalized. The only journal that came out of this pretrial was an order that appellee and appellant were to respond to discovery by September 30, 2004 and that all other discovery must be completed by October 31, 2004.
 {¶ 15} As an aside, the within action was consolidated with an action by the primary mortgage holder, Chase Manhattan Mortgage Corporation and then its substituted plaintiff Bank One of Columbus, N.A. On October 20, 2004, the primary mortgage holder filed a motion for summary judgment. The court set this motion and appellee's prior summary judgment motion for hearing on November 15, 2004.
 {¶ 16} Since her last motion was not ruled upon, appellant filed another motion to continue under Civ.R. 56(F). She stated that in lieu of producing the requested documents, appellee sent a "stipulated protective order and discovery order" which had various unfavorable conditions. The document narrowed the issue to documents involving extension of credit to a natural person in 1999 and 2000. The document also stated that appellant should post a $50,000 bond for appellee's costs of preparing the documents and that appellant should be prepared to pay up to $238,000 for appellee to hire counsel to review all documents prior to appellant's review. Appellant responded to appellee's proposal with her own proposal addressing only the concerns about confidentiality. She also noted that appellee failed to fully answer the interrogatories even regarding the narrowed requests.
 {¶ 17} On November 16, 2004, the magistrate granted summary judgment to the primary mortgage holder and to appellee and denied appellant's motion for a continuance pending discovery compulsion. The magistrate stated that discovery was extended but appellant failed to conduct the scheduled depositions. The magistrate opined that appellant was more interested in delaying than resolving the discovery dispute through meaningful dialogue with opposing counsel. The magistrate found her request to inspect what appellee claims is 700 banker boxes to be unnecessary in light of appellee's affidavit swearing that they do not regularly extend consumer credit.
 {¶ 18} Appellant filed timely objections to the magistrate's decision. On December 29, 2004, the trial court overruled the objections, adopted the magistrate's decision and stated that judgment should be entered accordingly. Appellant filed timely notice of appeal. This court required a proper final judgment to be entered by the trial court. The trial court's amended entry was filed on March 29, 2005.
 FEDERAL TRUTH IN LENDING ACT {¶ 19} The TILA was enacted to ensure the informed use of consumer credit by requiring meaningful disclosure of credit terms. 15 U.S.C. 1601(a). The TILA is implemented by Regulation Z in the Code of Federal Regulations. Some of the disclosures required are the identity of the creditor, the amount financed, the finance charge, the annual percentage rate, any variable interest rate, a payment schedule, the total payments, and the total sale price. C.F.R. 226.18(a)-(r). The disclosures must be clear and conspicuous in a writing that the consumer can keep. C.F.R. 226.17. Appellant claimed that these disclosures were not made to her.
 {¶ 20} Consumer credit only involves transactions where the party to whom credit is extended is a natural person and the money which is the subject of the transaction is primarily for personal, family or household purposes. 15 U.S.C. 1602(h). See, also, C.F.R. 226.2(11), (12). The act does not apply to credit transactions involving extensions of credit primarily for business, commercial or agricultural purposes or to government agencies or to organizations. 15 U.S.C. 1603(1). See, also, C.F.R. 226.3(a).
 {¶ 21} Appellant claimed that the loan she received was primarily for personal, family or household purposes. Appellee responded that even assuming there is a genuine issue of material fact as to the purposes of the loan, the company does not fit the definition of consumer creditor and thus the TILA does not apply.
 {¶ 22} A creditor is only one who both: (1) regularly extends consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the one to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or by agreement.15 U.S.C. 1602(f). See, also, C.F.R. 226.2(a)(17). Thus, even if the transaction at issue could be characterized as an extension of consumer credit primarily for family, personal or household purposes, the act does not apply if the creditor does not offer such credit regularly. See C.F.R. 226.1(c)(1).
 {¶ 23} The phrase "regularly extends consumer credit" is further defined in various alternative ways. See C.F.R. 226.1(c)(1)(ii) fn. 1; C.F.R. 226.2(a)(17)(i)(A) fn.3. An organization regularly extends consumer credit only if it: (1) extended such credit more than twenty-five times in the preceding or current calendar year; (2) extended such credit more than five times for transactions secured by a dwelling in the preceding or current calendar year; or (3) in any twelve-month period, the person originated more than one such credit extension that is subject to the requirements of C.F.R. 226.32 or one or more such credit extension through a mortgage broker. C.F.R. 226.2(a)(17)(i)(A) fn.3. The requirements of C.F.R. 226.32 mentioned above deal with certain high interest loans. We note here that footnotes have the same legal effect as the text of the regulation. C.F.R. 226.2(b)(4).
 {¶ 24} Appellee submitted an affidavit declaring that they do not "regularly extend consumer credit." Appellant states that she needs the requested discovery in order to dispute the accuracy of this claim.
 ASSIGNMENT OF ERROR {¶ 25} Appellant's sole assignment of error contends:
 {¶ 26} "THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED DUE PROCESS BY FAILING TO ENFORCE ITS OWN PRIOR ORDER TO PRODUCE DOCUMENTS, AND DENYING APPELLANT DISCOVERY ON A FUNDAMENTAL ISSUE."
 {¶ 27} "A. A trial court abuses its discretion, and violates due process, when it fails to compel discovery on a fundamental issue."
 {¶ 28} "B. The documents Appellant sought were critical to the issue of whether Appellee All Erection engaged in `consumer' lending as defined in the Federal Truth In Lending Act."
 {¶ 29} Pursuant to Civ.R. 56(C), summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The rule continues by stating that summary judgment shall not be rendered unless it appears from the evidence or stipulation that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. Civ.R. 56(C).
 {¶ 30} On appeal, appellant does not take issue with the propriety of summary judgment per se. Rather, she urges that the continuance she sought should have been granted in order to compel the discovery she requested so that she could discover information to support her response to appellee's summary judgment motion. Thus, for purposes of appeal, we assume that appellee sufficiently established that there is no genuine issue of material fact on their claim that they do not regularly extend consumer credit and that appellant failed to meet her reciprocal burden of establishing that there is a genuine issue of material fact regarding appellee's status as a creditor under the TILA. The issue for this court is whether the trial court should have granted appellant a continuance pending further discovery and pending appellant's motion to compel production of documents in order to allow appellant to formulate a response to appellee's summary judgment motion and thus meet her reciprocal burden.
 {¶ 31} Summary judgments are reviewed de novo. But, as set forth above, we are not actually reviewing the propriety of summary judgment here. Rather, we are reviewing the court's decision to rule on the summary judgment motion without compelling the requested discovery and allowing time to review the discovered information.
 {¶ 32} Our general standard of review in determining whether the trial court erred in failing to continue the case and compel further discovery is an abuse of discretion. See Mauzy v. KellyServ., Inc. (1996), 75 Ohio St.3d 578, 592 (standard of review of trial court's decision in a discovery matter is abuse of discretion); Clark Cty. Solid Waste Mgt. Dist. v. Danis ClarkcoLandfill Co. (1996), 109 Ohio App.3d 19, 38 (where the Second District held that trial court's decision on a Civ.R. 56(F) request is subject to an abuse of discretion standard of review). If any pure legal issues arise in analyzing the matter, we will naturally resort to a de novo standard. See Clark Cty. SolidWaste, 109 Ohio App.3d at 38-39.
 {¶ 33} In response to appellee's motion for summary judgment, appellant asked for a continuance under Civ.R. 56 (F). This rule provides as follows:
 {¶ 34} "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 35} Appellant's Civ.R. 56(F) affidavit stated that she could not determine the veracity of the statement in appellee's affidavit that appellee does not regularly extend consumer credit because appellee refuses to produce the documents requested in discovery concerning their prior lending activities. She noted that the facts surrounding whether appellee fits the TILA's definition of creditor are solely in appellee's control. She also claimed that she was unable to proceed with the scheduled depositions without the documents.
 {¶ 36} A party may obtain discovery regarding any unprivileged matter which is relevant to the subject matter involved. Civ.R. 26(B). The information need not be admissible at the later trial; it merely should appear to be reasonably calculated to lead to the discovery of admissible evidence. Id. A court can enter a protective order where justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense. Civ.R. 26(C). This protective order can order that discovery not be had or only be had on specified terms, on certain matters or by a specific method other than the one selected by the party. Id.
 {¶ 37} It has been stated that evidence cannot be viewed in a light most favorable to the nonmovant, as is required in ruling on a summary judgment motion, if full access to the necessary materials is denied by refusals to comply with discovery and refusals to compel compliance. Tucker v. Webb Corp. (1983),4 Ohio St.3d 121, 122-123. Appellant cites various appellate cases chiding that one is not entitled to summary judgment while resisting discovery orders relevant to the issues raised by the summary judgment motion.
 {¶ 38} On the other hand, it has been stated that a trial court is not under an obligation to permit a party to conduct a fishing expedition to search for incriminating documents and test the veracity of the other party's sworn statements. Manofsky v.Goodyear Tire Rubber Co. (1990), 69 Ohio App.3d 663, 668 (9th Dist.) (finding that discovery demands were too broad). However, the Supreme Court has stated that a fishing expedition is not per se objectionable because discovery often reveals the truth. ExParte Oliver (1962), 173 Ohio St. 125, 129-30. In any event, the discovery demands here were narrowed so as to no longer constitute what one would consider a fishing expedition. Appellant seeks information that could lead to admissible evidence regarding whether appellee extended consumer credit in the past in a sufficient number of times to be considered a consumer creditor.
 {¶ 39} Even if appellant's demands were initially much too broad because they sought the documents evidencing all prior credit transactions, appellant narrowed her demands in her second set of interrogatories and requests for production. There she asked, for instance, if appellee made any loans or extended any credit to natural persons in 1999. She asked if appellee ever loaned money or extended credit to a natural person unrelated to the sale or rental of equipment. She also asked if appellee ever made a loan to a natural person secured by the borrower's dwelling, besides the loan at issue.
 {¶ 40} Appellee responded affirmatively to each of these questions. Appellee was then asked to list the name, address and telephone number of each person and the date the loan was made. Appellee was also asked to produce all documents relating to these loans. Appellee objected, referring appellant to the supposed magistrate's ruling at the August 18, 2004 pretrial that the parties should agree upon a protective order to be approved by the court. Appellee noted that it sent the proposed protective order to appellant.
 {¶ 41} Although these new requests are narrower than before, a court could still use its discretion to reasonably require them to be even more specific. For instance, it is irrelevant if appellee made a consumer loan in 1999 or 2000 if there were not more than twenty-five such loans or more than five such loans secured by a dwelling or more than one high interest rate loan. Without these limits and specifics, appellant would receive confidential client loan information that may very well be irrelevant to the issue of whether appellee is a consumer creditor.
 {¶ 42} The court criticized appellant for delaying and asking for too many documents. However, the court failed to realize that she did narrow her request and that it was appellee who engaged in much of the delay. Had the court made specific and actual rulings on her motions and the objections of appellee, much of the delay could have been avoided. The court failed to recognize that any prior rulings it made at pretrial conferences were not orders that could be violated. A court speaks only through its journal, not by oral pronouncement. State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 6.
 {¶ 43} This principle applies just as well to discovery issues. Kolsen v. Chattman (Sept. 6, 2001), 8th Dist. No. 78781 (holding that a comment in a pretrial about the court's intention concerning discovery is not a binding ruling); Sindel v. ToledoEdison Co. (1993), 87 Ohio App.3d 525, 528 (where the Third District held that the trial court properly acknowledged the parties were under no obligation where the court never formally required the parties to engage in certain discovery even though pronouncements were made at a pretrial); Cincinnati Bd. of Ed.v. Armstrong World Indus., Inc. (Oct. 28, 1992), 1st Dist. No. C-190903 (applying "the court speaks only through its journal" principle where trial court failed to place an order on the docket compelling discovery).
 {¶ 44} Here, the court purportedly made rulings regarding the scope of discovery at two or more pretrials. However, the court never journalized a protective order or any other rulings regarding discovery and the alleged failures to comply. Rather, the court seemed to be relying on the parties to work out the discovery disputes themselves. Yet, it was obvious that the parties could not do so after repeated attempts.
 {¶ 45} More specifically, there was a ruling the court placed on the docket after a pretrial which ordered the parties to respond to each other's discovery by September 30, 2004. The court's entry never mentioned any limits that should be placed on appellant's outstanding requests even though the court allegedly placed limits at this same pretrial. Appellee responded the day before this deadline to interrogatories outstanding for almost a year but still objected to many of the specific interrogatories and the document requests.
 {¶ 46} Even if appellant's second set of interrogatories and requests for production of documents could have been narrowed, there was no order to do so. Appellant had multiple motions to compel pending and various requests for continuances under Civ.R. 56(F) due to failures to comply with discovery. Appellee was seeking some rational limits but was also insisting on irrational conditions such as appellant's agreement to pay potentially over $230,000 in appellee's attorney fees for reviewing their own documents to determine whether they should be turned over in discovery. Appellant was under no obligation to agree to the extreme protective order proposed by appellee. No protective order was issued by the court under Civ.R. 26(C).
 {¶ 47} Both sides were uncooperative; yet, the court placed all blame on a party who was under no order and who was given no formal standards on what could be discovered. The court apparently wished the parties would work it out themselves. However, that did not occur. Rather than place limits on discovery under Civ.R. 26, the court granted summary judgment and acted as if all appellant's concerns had been previously addressed by informal pretrial suggestions. The court must take an official initiative and formulate an order regarding the scope of discovery that it finds appropriate here. The court should also note that the TILA is a remedial statute that is to be liberally construed for the borrower. Pfennig v. HouseholdCredit. Serv., Inc. (C.A. 6, 2002), 295 F.3d 522, 526.
 {¶ 48} A TILA claimant is not forced to take a creditor's affidavit as the absolute truth on whether or not that creditor regularly extends consumer credit. We recognize that a responding affidavit or deposition merely opining that the creditor is wrong is not a sufficient rebuttal as it is not based upon personal knowledge. Robey-Harcourt v. BenCorp Fin. Co., Inc. (C.A. 10, 2003), 326 F.3d 1140, 1142. Thus, how can a TILA claimant establish that the creditor regularly extends consumer credit without the ability to conduct discovery including production of documents? Although it may seem intrusive to appellee, that is what discovery involves.
 {¶ 49} On the other hand, a court can find it unreasonable for the claimant to demand every loan document ever generated, especially where the company's main agenda is leasing and selling cranes and heavy equipment to businesses. In placing rational limits, the court could order reformation of the interrogatories, whose results seek the production of documents. Appellant could be ordered to reform her interrogatories to ask for specific numbers pertaining to each year in order to determine whether the numeric requirements for regularly extending credit were met. If so, then appellant can view the pertinent documents and determine if the credit was actually for personal, family or household purposes.[1] Since the regulation of discovery is discretionary, these are just examples for clarification. The problem here is that there was no official and binding regulation of discovery even in the face of multiple recorded requests for court assistance.
 {¶ 50} Here, appellee was permitted to unilaterally determine what the scope of discovery would be. Waiting until the final grant of summary judgment, the court opined that appellant's complaints were delaying tactics. The court should have formally ruled on the various motions to compel filed by appellant and the motion for a protective order filed by appellee before entering summary judgment against appellant. The court scolded appellant for failing to take depositions; however, she voiced her concerns prior to the scheduled depositions. She stated that she could not depose appellee's officers without reviewing the relevant documentary evidence establishing their consumer creditor status. If she had an actual ruling of some kind on her motions, she likely would have proceeded with depositions in the absence of the desired documents. However, she remained officially unaware of whether the court backed her requests or agreed with appellee's objections.
 {¶ 51} Some discovery is warranted here, whether it needs to be limited even more than appellant's last attempt is a question left to the trial court's discretion. However, the trial court must do so in a journal giving appellant notice of its obligations and giving appellee notice of the allowable parameters of appellant's request. The failure to do so appears to be unreasonable, unconscionable, and arbitrary.
 {¶ 52} "Civ.R. 56(F) authorizes the trial court to delay a decision on a summary judgment motion while the non-moving party gathers rebuttal evidence. The trial court, in determining whether such additional time is appropriate, should exercise its discretion in favor of the non-moving party who proposes any reasonable interval to discover facts necessary to rebut the motion for summary judgment." Gumpl v. Wilkinson (April 14, 1993), 9th Dist. No. 92CA005407.
 {¶ 53} As aforementioned, the trial court cannot construe evidence most strongly in favor of the non-moving party when there is a dearth of evidence to construe. Tucker v. Webb Corp.
(1983), 4 Ohio St.3d 121, 123. "The trial court cannot very well require the party opposing a motion for summary judgment to produce rebuttal evidence and at the same time deny that party an opportunity to discover that evidence." Hattie v. Sherman (June 17, 1998), 9th Dist. No. 97CA6809. The movant is not entitled to summary judgment while resisting discovery. Roque v. Taco Bell,Inc. (Feb. 10, 2000), 8th Dist. No. 75413; Ladley v. St. Luke'sMed. Ctr. (June 3, 1999), 8th Dist. No. 73553. Without a court order issuing a protective order in favor of appellee, resisting is what appellee's acts should be labeled here.
 {¶ 54} For the foregoing reasons, we hold that the trial court abused its discretion in denying appellant's Civ.R. 56(F) motion to continue and to compel compliance with discovery. The court should not have entered summary judgment without responding in journal entries to the various discovery issues presented by both parties. See, e.g., Galland v. Meridia Health Syst., Inc.,
9th Dist. No. 21762, 2004-Ohio-1416 (court abused discretion in ruling on summary judgment where court never ruled on parties' motion to compel discovery). As such, the trial court's decision is reversed and this case is remanded for the entry of particular orders regarding the scope of discovery.
Donofrio, P.J., concurs.
Waite, J., concurs.
[1] We do note here for purposes of remand that appellant incorrectly asserts that the use of the loan proceeds is the key in characterizing the credit as consumer. Rather, it is the understood purpose of the loan, which is to be factually determined based upon the language of the loan document, the listed debtors and the testimony of the parties involved in the transaction. See, e.g., Steel Valley Bank, N.A. v. Tuckosh, 7th Dist. Nos. 04HA566, 04HA567, 2004-Ohio-4907, ¶ 22, citing Smithv. Russellville Prod. Credit Assn. (C.A. 11, 1985),777 F.2d 1544. The plain language of the TILA and Regulation Z also support this holding as they speak of purposes not uses. The use of the proceeds can be a factor in determining purpose. But typically, the use becomes more relevant if the use was business in order to prove inapplicability of the TILA. This is because debtors cannot be permitted to lie to the creditor that the purpose of loan is business, spend the proceeds on personal items, and then invoke the TILA.