**Samuel Laureano VIERNES and Imelda Legaspi Viernes, Plaintiffs,**

v.

**EXECUTIVE MORTGAGE, INC; Argent Mortgage Company, LLC; Ameriquest Mortgage Company; and Lydia Pascual, as an individual, Defendants.**

**No. CIV. 04–00212ACKLEK.**

United States District Court, D. Hawaiʻi.

Oct. 13, 2004.

---

Michael G.M. Ostendorp, Honolulu, HI, for Samuel Laureano Viernes, Imelda Legaspi Viernes, plaintiffs.

Donna H. Kalama, Goodsill Anderson Quinn & Stifel LLLP, Michiro Iwanaga, Mary L. Lucasse, Burke McPheeters Bordner & Estes, Andrew D. Stewart, Koshiba Agena & Kubota, Pauahi Tower, Michiro Iwanaga, Sakai Iwananga Sutton Law Group, Carol A. Eblen, Goodsill Anderson Quinn & Stifel LLLP, Honolulu, HI, for Executive Mortgage Inc., Argent Mortgage Company, LLC, Ameriquest Mortgage Company, Lydia Pascual, as an individual, defendants.

## ORDER GRANTING DEFENDANTS EXECUTIVE MORTGAGE AND LYDIA PASCUAL'S MOTION FOR SUMMARY JUDGMENT AND DENYING THEIR MOTION TO DISMISS

KAY, District Judge.

### BACKGROUND

In 2003, Plaintiffs Samuel Laureano Viernes and Imelda Legaspi Viernes sought to refinance the mortgage(s) on their home in Waipahu, Hawaii. *See* Defendants' Concise Statement of Fact at 2;

Plaintiffs' Concise Statement of Fact at 1. Plaintiffs used the services of Defendant Executive Mortgage, Inc. ("Executive Mortgage"), a mortgage broker, to find a lender and obtain a new mortgage. *See* Defendants' Concise Statement of Fact at 2; Plaintiffs' Concise Statement of Fact at 1. Defendant Lydia Pascual is the president of Executive Mortgage. *See* Defendants' Concise Statement of Fact at 2.

Defendant Argent Mortgage Company, LLC ("Argent Mortgage") approved Plaintiffs' mortgage application; Plaintiffs signed mortgage papers to that effect, naming Argent Mortgage as the lender. *See* Defendants' Concise Statement of Fact at 2–5; Plaintiffs' Concise Statement of Fact at 3. Plaintiffs allege that Executive Mortgage made misrepresentations regarding the mortgage Plaintiffs were receiving from Argent Mortgage, and allege that required loan disclosures were not properly made to Plaintiffs. Plaintiffs subsequently sought to cancel the mortgage with Argent Mortgage but apparently their request was disallowed. *See* Defendants' Concise Statement of Fact at 5; Plaintiffs' Concise Statement of Fact at 4–5.

On April 2, 2004, Plaintiffs filed a Complaint against Executive Mortgage, Ms. Pascual, Argent Mortgage, and Ameriquest Mortgage Company, alleging (1) violation of the federal Consumer Credit Protection Act, (2) fraud, (3) intentional infliction of emotional distress, (4) deceptive and unfair trade practices, (5) breach of fiduciary duty, and .(6) punitive damages.

On August 6, 2004, Defendants Executive Mortgage and Ms. Pascual filed a Motion for Summary Judgment and to Dismiss, seeking summary judgment on the federal Consumer Credit Protection Act claim and dismissal of all remaining claims. On September 20, 2004, Plaintiffs filed an Opposition. On October 1, 2004, Defendants Executive Mortgage and Ms. Pascual filed a Reply to the Opposition. Plaintiffs and Defendants Executive Mortgage and Ms. Pascual also filed concise statements of fact. On September 24, 2004, Defendants Argent Mortgage and Ameriquest Mortgage filed a statement of no position as to the Motion.[1] A hearing was held on October 12, 2004.

## STANDARD

### I. Standard for Motion for Summary Judgment

██ The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is therefore appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[2] Fed. R.Civ.P. 56(c).

---

**1.** Defendants Argent Mortgage and Ameriquest Mortgage take "no position" on the motion for summary judgment and dismissal. *See* Argent Mortgage and Ameriquest Mortgage's Statement of Position at ¶ 1 (Sept. 24, 2004). Argent Mortgage and Ameriquest Mortgage stated at the hearing on October 12, 2004 that they have reached a settlement with Plaintiffs but that Plaintiffs have attempted to repudiate the agreement. These Defendants also stated that they intend to file a motion to enforce the settlement agreement. Should it be determined that there is no settlement, these Defendants have indicated that they will move to assert cross-claims for indemnity and contribution against Executive Mortgage. *Id.* at ¶¶ 2–3.

**2.** Affidavits made on personal knowledge and setting forth facts as would be admissible at trial are evidence that a court may consider when determining whether a material issue of

"A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case. A genuine issue of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' "[3] *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n,* 310 F.3d 1188, 1194 (9th Cir.2002) (quoting *Union Sch. Dist. v. Smith,* 15 F.3d 1519, 1523 (9th Cir.1994)) (internal citations omitted). Conversely, where the evidence "could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

The moving party has the burden of persuading the Court as to the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The moving party may do so with affirmative evidence or by " 'showing'—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548. All evidence and reasonable inferences drawn therefrom are considered in the light most favorable to the nonmoving party. *See, e.g., T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630–

31 (9th Cir.1987). So, too, the Court's role is not to make credibility assessments. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, if "reasonable minds could differ as to the import of the evidence," summary judgment will be denied. *Id.* at 250–51, 106 S.Ct. 2505.

Once the moving party satisfies its burden, however, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex,* 477 U.S. at 322–23; *Matsushita Elec.,* 475 U.S. at 586, 106 S.Ct. 1348; *Cal. Arch. Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir.2002); *see also T.W. Elec. Serv.,* 809 F.2d at 630. The nonmoving party must instead set forth "significant probative evidence" in support. *T.W. Elec. Serv.,* 809 F.2d at 630. Summary judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial.[4] *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

---

fact exists. Fed.R.Civ.P. 56(e). Legal memoranda and oral argument are not evidence and do not create issues of fact. *See British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978).

3. Disputes as to immaterial issues of fact do "not preclude summary judgment." *Lynn v. Sheet Metal Workers' Int'l Ass'n,* 804 F.2d 1472, 1478 (9th Cir.1986).

4. When the moving party also has the burden of proof in an element of a claim, it has the "burden of establishing a prima facie case on the motion for summary judgment." *UA Lo-*

*cal 343 of the United Ass'n of Journeymen v. Nor–Cal Plumbing, Inc.,* 48 F.3d 1465, 1471 (9th Cir.1994). Upon showing a prima facie case, the burden of production shifts and it becomes "incumbent on [the nonmoving party] to 'set forth specific facts showing that there is a genuine issue for trial,' by evidence cognizable under that rule." *Id.* (quoting Fed.R.Civ.P. 56(e)); Charles A. Wright *et al.,* Federal Practice & Procedure § 2727 (3d ed.1998). The ultimate burden of persuasion as to the non-existence of any genuine issues of material fact remains on the moving party. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1102 (9th Cir.2000); *accord*

## II. Standard for Motion To Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), in evaluating a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Wileman Bros. & Elliott, Inc. v. Giannini,* 909 F.2d 332, 334 (9th Cir.1990); *Shah v. County of Los Angeles,* 797 F.2d 743, 745 (9th Cir.1986). Thus, the complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Balistreri,* 901 F.2d at 699; *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. *Id.*

A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the Complaint, such as lack of jurisdiction or the statute of limitations. 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice,* ¶ 12.07 at 12–68 to 12–69 (2d ed.1991 & supp. 1191–92) (citing *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)).

## DISCUSSION

### I. Motion for Summary Judgment on TILA Issues

The Truth–in–Lending Act ("TILA"), which is contained in Title I of the Consumer Credit Protection Act, as amended (15 U.S.C. § 1601, *et seq.*), is intended to assure a meaningful disclosure of credit terms so that consumers can compare more readily various available terms and avoid the uninformed use of credit. 15 U.S.C. § 1601(a). TILA requires that creditors disclose to borrowers specific information, including finance charges, annual percentage rate, and the right to rescind a transaction. *See, e.g.,* 15 U.S.C. §§ 1635, 1638. Regulation Z, 12 C.F.R. Part 226, is issued by the Board of Governors of the Federal Reserve System to implement TILA. *See* 12 C.F.R. § 226.1(a).

Defendants Executive Mortgage and Ms. Pascual seek summary judgment on the federal claim made under TILA on following grounds: (1) Executive Mortgage and Ms. Pascual are not "creditors" within the meaning of TILA; (2) Executive Mortgage and Ms. Pascual did not violate TILA; and (3) Executive Mortgage and Ms. Pascual did not wrongfully dishonor Plaintiffs' attempted rescission. *See* Motion for Summary Judgment and to Dismiss at 1–2.

### A. Definition of "Creditor"

■ The parties agree that the disclosure and other requirements of TILA ap-

*Dye v. United States,* 121 F.3d 1399, 1409 (10th Cir.1997).

ply only to "creditors." *See* 15 U.S.C. §§ 1631, 1635, 1637, 1638; *see also* Memorandum in Support of Motion at 10; Memorandum in Opposition at 5 ("The disclosure and other requirements of TILA apply to 'creditors.'"). "Creditor" is defined in TILA, 15 U.S.C. § 1602(f):

> The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement . . . .

Regulation Z, which implements TILA, defines "creditor" as:

> A person (A) who regularly extends consumer credit [FN3] that is subject to a finance charge or is payable by written agreement in more than 4 installments (not including a downpayment), and (B) to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract.

12 C.F.R. § 226.2(a)(17)(i)(text of footnote 3 omitted).

 The parties agree that Defendants Executive Mortgage (which is a mortgage broker) and Ms. Pascual (who is an officer and shareholder of Executive Mortgage)

do not qualify as creditors under this two part definition. *See* Memorandum in Support of Motion at 10–12; Memorandum in Opposition at 6 ("It is clear that the Defendants do not qualify as creditors under that definition.").

However, Plaintiffs argue that an independent definition of "creditor" is contained in the last sentence of the statutory provision defining the term, 15 U.S.C. § 1602(f). *See* Memorandum in Opposition at 6–8. Defendants argue that sentence does not create an independent definition of "creditor" separate from the two-part definition described above. *See* Reply at 1–5.

The last sentence of 15 U.S.C. § 1602(f) states:

> Any person who originates 2 or more mortgages referred to in subsection (aa) of this section in any 12–month period or any person who originates 1 or more such mortgages through a mortgage broker shall be considered to be a creditor for purposes of this subchapter.[5]

Regulation Z, discussed above and issued by the Board of Governors of the Federal Reserve System to implement TILA, explains this sentence in a footnote to the definition of "creditor":

> *A person regularly extends consumer credit only if* it extended credit (other than credit subject to the requirements of § 226.32) more than 25 times (or more than 5 times for transactions secured by a dwelling) in the preceding calendar year. If a person did not meet these numerical standards in the preced-

---

5. 15 U.S.C. § 1602(aa)(1) states:

> A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan, if—(A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity . . . or (B) the total points and fees payable by the consumer at or before closing will exceed the greater of—(i) 8 percent of the total loan amount; or (ii) $400.

ing calendar year, the numerical standards shall be applied to the current calendar year. *A person regularly extends consumer credit if,* in any 12–month period, the person originates more than one credit extension that is subject to the requirements of § 226.32 or one or more such credit extensions through a mortgage broker.

12 C.F.R. § 226.2(a)(17)(i) n. 3 (emphasis added).[6]

On it's face, Regulation Z makes clear that the language contained in the last sentence of § 1602(f) does not create an independent definition of a "creditor."[7] Rather, as explained in footnote 3 of the regulation, the last sentence of § 1602(f) modifies the two part definition contained in § 1602(f), so that to be a "creditor," one must meet the two part test of (1) regularly extending consumer credit and (2) being the person to whom the obligation is initially payable; but a person can be considered to "regularly extend consumer credit" under part 1 of the two-part test "if" it does the things described in the last sentence of § 1602(f). 12 C.F.R. § 226.2(a)(17)(i) n. 3. Other courts have implicitly reached this same conclusion that the last sentence of § 1602(f) does not create an independent basis for meeting the definition of "creditor." *See, e.g., Robey–Harcourt v. Bencorp Financial Co., Inc.,* 326 F.3d 1140, 1142 (10th Cir.2003) (applying the 2–part definition to determine that a mortgage broker is not a "creditor" under TILA and Regulation Z);

*Noel v. Fleet Finance, Inc.,* 971 F.Supp. 1102, 1109 (E.D.Mich.1997) (applying the 2–part definition to determine that two parties were creditors but third party was mortgage broker and therefore not a creditor under the 2–part definition); *see also* A.S. Pratt & Sons, Truth–in–Lending Manual ¶ 1.04[23] at 19, Author's Note (2004) ("The last sentence of the statute quite clearly was not intended to create another category of creditors."). *But see Anderson v. Wells Fargo Home Mortgage, Inc.,* 259 F.Supp.2d 1143, 1149 (W.D.Wash. 2003) (finding that last sentence of § 1602(f) is a stand-alone definition, but that its meaning is not clear from the statutory language; leaving for trial the question of applicability of the provision).

The Federal Reserve Board Official Staff Interpretations of Regulation Z support this conclusion by making clear that both parts of the two-part test must be met before reaching footnote 3 of Section 226.2(a)(17): the test for a "creditor" under § 226.2(a)(17)(i) "is composed of 2 requirements, both of which must be met in order for a particular credit extension to be subject to the regulation and for the credit extension to count towards satisfaction of the numerical tests mentioned in footnote 3 to § 226.2(a)(17)." *See* Official Staff Interpretations, 12 C.F.R. Pt. 226, Supp. I, at § 226.2(a)(17). The Supreme Court has stated that such Federal Reserve Board staff opinions construing TILA and Regulation Z should be treated as dispositive unless demonstrably irra-

---

**6.** Footnote 3 was added in 1995 to implement section 152(c) of the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), contained in the Riegle Community Development and Regulatory Improvement Act of 1994, Pub.L. 103–325, 108 Stat. 2160. *See* 60 Fed.Reg. 15463, 15464 (1995). HOEPA section 152(c) added the last sentence of 15 U.S.C. § 1602(f).

**7.** This Court does not consider subsections (ii), (iii), or (iv) of the definition of creditor contained in Regulation Z, 12 C.F.R. § 226.2(a)(17). This Court does not reach the issue of whether those subsections or any additional sentences contained in 15 U.S.C. § 1602(f) (that are not discussed in this decision) may contain additional independent tests for a "creditor," because those provisions were not raised by the parties and are inapplicable to the instant case.

tional. *See Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 565–568, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980).

Accordingly, the Court finds that the last sentence of 15 U.S.C. § 1602(f) does not create an independent definition of "creditor" under TILA. The Court finds that Defendants Executive Mortgage and Ms. Pascual are not "creditors" under TILA and Regulation Z. Plaintiffs do not contest that Defendants do not meet the two-part test to be "creditors." Moreover, the affidavits and other evidence do not present an issue of material fact as to whether the Defendants are creditors: Ms. Pascual's declaration states that neither Executive Mortgage nor Ms. Pascual extend credit and neither are the person to whom Plaintiffs' obligation is payable;[8] Plaintiffs' declarations do not allege that Defendants extended them credit or are the persons to whom the loan obligation is payable;[9] and the exhibits provided by Defendants name Argent Mortgage, not Defendants Executive Mortgage or Ms. Pascual, as the lender to whom Plaintiff's obligation is payable.[10]

### B. Alleged Violation of TILA

Since the Court has determined that Defendants Executive Mortgage and Ms.

Pascual are not "creditors" for purposes of TILA, and the parties agree that the disclosure and other requirements of TILA are only applicable to creditors,[11] the disclosure and other requirements of TILA are not applicable to Defendants Executive Mortgage and Ms. Pascual. Therefore, the Court need not address the other arguments raised regarding whether these Defendants violated the disclosure or other requirements of TILA. Accordingly, Defendants Executive Mortgage and Ms. Pascual's Motion for Summary Judgment on the federal TILA claim is GRANTED.

### II. Motion to Dismiss Remaining Claims

The remaining claims against Defendants Executive Mortgage and Ms. Pascual are state law claims for fraud, intention infliction of emotional distress, deceptive and unfair trade practices, breach of fiduciary duty, and punitive damages. *See* Complaint at 6–7.[12] Defendants Executive Mortgage and Ms. Pascual ask the Court to decline to exercise supplemental jurisdiction over the remaining state law claims. *See* Motion for Summary Judgment and to Dismiss at 2.[13] A district court

---

**8.** *See* Declaration of Lydia Pascual at ¶¶ 4–7, attached to Defendants' Concise Statement of Fact.

**9.** *See* Declaration of Samuel Laureano Viernes at ¶ 2, attached to Plaintiffs' Concise Statement of Fact ("Working with Executive Mortgage, Inc., we obtained approval of a refinancing loan from Defendant Argent Mortgage Company, LLC."); Declaration of Imelda Legaspi Viernes at ¶ 4, attached to Plaintiffs' Concise Statement of Fact (same).

**10.** *See* Exhibits A–I, attached to Defendants' Concise Statement of Fact.

**11.** *See supra* page 9; 15 U.S.C. §§ 1631, 1635, 1637, 1638; Memorandum in Support

of Motion at 10; Memorandum in Opposition at 5.

**12.** Plaintiffs' Memorandum in Opposition discusses H.R.S. § 454–3.1 as an additional remaining claim. However, that claim is not alleged in the Complaint and therefore this Court will not treat it as a separate remaining claim. The Court notes that even if a claim were alleged under H.R.S. § 454–3.1, it would be a state law claim subject to the same analysis as the other state law claims addressed in this Order on the motion to dismiss.

**13.** Defendants also seek dismissal of the TILA claim and any claim for punitive damages under TILA. *See* Motion for Summary Judg-

may decline to exercise supplemental jurisdiction over a claim where it has dismissed *all* claims over which it has original jurisdiction. 28 U.S.C. § 1367(c) (emphasis added). The original subject matter jurisdiction in this case is based on the federal TILA claims.

Although there are no remaining federal claims against Defendants Executive Mortgage and Ms. Pascual, there are remaining federal TILA claims against Defendants Argent Mortgage and Ameriquest Mortgage. Defendants Argent Mortgage and Ameriquest Mortgage have indicated that while they believe they have reached a settlement agreement with Plaintiffs, Plaintiffs have attempted to repudiate that settlement and a motion to enforce the settlement will be filed by these Defendants. *See* Argent Mortgage and Ameriquest Mortgage's Statement of Position at ¶ 2; Statement by Counsel D. Kalama at hearing. Defendants Argent Mortgage and Ameriquest Mortgage also indicate that, should it be determined that there is no settlement, they will move to assert cross-claims for indemnity and contribution against Defendants Executive Mortgage and Ms. Pascual. Argent Mortgage and Ameriquest Mortgage's Statement of Position at ¶ 3.

■ At this time, the federal TILA claims against Defendants Argent Mortgage and Ameriquest Mortgage have not been dismissed, and no motion or stipulation to dismiss has been filed with the Court. Because this Court has original jurisdiction over a remaining federal claim that involves the same nucleus of facts and case or controversy, this Court will exercise its supplemental jurisdiction over the remaining state law claims at this time. The values of economy, convenience, and fairness all favor this Court's retention of jurisdiction in this circumstance. *See Executive Software N. Am. Inc. v. United States Dist. Ct.,* 24 F.3d 1545, 1557 (9th Cir.1994); *see also Matsuda v. Wada,* 128 F.Supp.2d 659, 671 (D.Haw.2000).

Accordingly, the Court DENIES Defendants Executive Mortgage and Ms. Pascual's motion to dismiss the remaining state law claims at this time. Should the federal cause of action against Defendants Argent Mortgage and Ameriquest Mortgage be dismissed before trial, whether through settlement or otherwise, the Court will permit Defendants Executive Mortgage and Ms. Pascual to bring a renewed the motion to dismiss the remaining state law claims under 28 U.S.C. § 1367.

### *CONCLUSION*

In summary, the Court finds that the last sentence of 15 U.S.C. § 1602(f) does not create an independent definition of "creditor" under TILA. Under the two-part definition of "creditor" contained in § 1602(f) and Regulation Z, Defendants Executive Mortgage and Ms. Pascual are not creditors for purposes of the TILA. Moreover, Plaintiffs have not raised a material question of fact on this issue. Accordingly, the Court GRANTS summary judgment for Defendants Executive Mortgage and Ms. Pascual on the TILA claim.

At this time, the Court DENIES Defendants Executive Mortgage and Ms. Pascual's motion to dismiss the remaining state law claims. Because there is a remaining federal TILA claim against Defendants Argent Mortgage and Ameriquest Mortgage in this case, involving the same facts and case or controversy as the remaining state law claims, this Court will exercise

ment and to Dismiss at 2. The Court need not reach these issues since it has granted summary judgment on the TILA claim.

supplemental jurisdiction over the remaining state law claims. However, should the federal cause of action against Defendants Argent Mortgage and Ameriquest Mortgage be dismissed before trial, the Court will permit Defendants Executive Mortgage and Ms. Pascual to bring a renewed motion to dismiss the remaining state law claims.

IT IS SO ORDERED.